IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 21-cv-03380-CMA-SKC

MOTION PRO, INC.,

    Plaintiff,

v.

VEVOR, INC.,

    Defendant.

---

**ORDER GRANTING MOTION TO COMPEL CLERK'S ENTRY OF DEFAULT**

---

This matter is before the Court on Plaintiff Motion Pro, Inc.'s Motion to Compel Clerk's Entry of Default. (Doc. # 25.) For the following reasons, the Motion is granted.

### I.    BACKGROUND

The Court incorporates its prior recitation of the factual and procedural background of this case as stated in its Order Denying Plaintiff's Motion for Default Judgment and Motions for Costs and Attorney Fees. (Doc. # 13.) On March 24, 2022, this Court denied Plaintiff's Motion for Default Judgment, and struck the Clerk's prior entry of Default, concluding that Plaintiff had "not met the threshold requirement regarding attempted personal service on Defendant's registered agent to allow for service to be effectuated by mail under [Colo. Rev. Stat.] § 7-90-704(2)(c)." (*Id.* at 5.) In particular the Court noted that "[a]lthough Plaintiff attempted to personally serve [Defendant's] registered agent at the registered agent's address, Plaintiff has not

identified what steps, if any, Plaintiff took to locate the registered agent at another address or location." (*Id.*) Therefore, the Court denied Plaintiff's Motion for Default Judgment without prejudice. (*Id.* at 6.)

In the instant Motion, Plaintiff alleges that following the Court's Order it again attempted to serve Defendant's registered agent at the address listed on Defendant's articles of incorporation as its registered agent address and principle place of business. (Doc. # 25-11 at 2.) However, as with Plaintiff's previous attempt, it was unable to effect service because the address is a UPS store. (*Id.*) Thereafter, pursuant to the Court's Order, Plaintiff took steps to locate Defendant's registered agent, Jin Wang, elsewhere in Colorado. Plaintiff conducted a public records search for individuals named Jin Wang residing in Colorado—yielding nine addresses. (Doc. # 25-12.) Over the course of a number of weeks Plaintiff then attempted personal service on these addresses with the following results:

- four individuals accepted service—two of whom denied being or knowing Jin Wang, and the other two individuals acknowledged their names are Jin Wang but denied any knowledge or association with Defendant (Doc. # 25-13 at 2–5; Doc. # 25-14 at 2–5);
- at two of the addresses service could not be attempted because the addresses lacked unit or apartment numbers (Doc. # 25-15 at 5–6);

- at one address a family stated they had recently purchased the home and had no knowledge of Jin Wang or Defendant (*id.* at 3–4);[1]
- at one address an individual stated she had a sister-in-law named Jin Castiglione but she lives in Japan (*id.* at 2);[2] and
- one address was a P.O. Box (Doc. # 25-12 at 191–97).

The Court notes that it does not appear Plaintiff provided proof of service or non-service, or an explanation for lack of attempted service, for the final address that appeared in their public record search, on State Highway 66 in Platteville, Colorado. (Doc. # 25-13 at 137–90.) The Court presumes this was an oversight. Plaintiff also states it enlisted the assistance of a private investigator who was unable to locate any additional individuals named Jin Wang who could be credibly linked with Defendant. (Doc. 25-1 at ¶ 4.)

Finally, on May 17, 2022, Plaintiff mailed, via certified mail, the necessary documents to effect service, to Defendant's principal business address as listed with the Colorado Secretary of State. (Doc. 25-16.) Plaintiff asserts that, pursuant to Colo. Rev. Stat. § 7-90-704(2)(c), service was "perfected five days after mailing, or on May 22, 2022." (Doc. # 25 at ¶¶ 33–34.)

Defendant failed to answer or otherwise respond within 21 days as required by Federal Rule of Civil Procedure 12(a). On June 17, 2022, Plaintiff filed a Motion for

---

[1] The Court notes that two identical copies of the Return of Non-Service on this address appear in Plaintiff's exhibits. (Doc. 25-15 at 5–6.)

[2] The Court notes this address, on South Crystal Lane in Aurora, Colorado, does not appear in the public record search Plaintiff filed with the Court. (Doc. # 25-12.)

Acceptance of Service of Process or in the Alternative for Alternative Service. (Doc. # 15.) On October 13, 2022, Magistrate Judge S. Kato Crews denied Plaintiff's motion without prejudice and "with leave to refile a Motion for Clerk's entry of default" noting that "[t]he plain language of the Colorado statute . . . does not require court permission or approval to serve a corporation pursuant to § 7-90-704(2)." (Doc. # 18.)

On October 24, 2022, Plaintiff filed a Motion for Clerk's Entry of Default. (Doc. # 20.) On November 7, 2022, the Clerk declined to enter Default as to Defendant noting that "Proof of Service as to Jin Wang or Vevor, Inc was returned unexecuted and proof of service was not filed with the court." (Doc. # 21.) Plaintiff filed its "Proof of Service and Declaration in Support Thereof"—explaining and providing proof of its failed service at Defendant's registered agent address, efforts to locate and serve Jin Wang elsewhere in Colorado, and subsequent service by certified mail—on November 11, 2022. (Doc. # 22.) On December 1, 2022, Plaintiff filed a Renewed Motion for Clerk's Entry of Default. (Doc. # 23.) The Clerk again declined to enter Default as to Defendant on January 11, 2023, stating "per [Doc. #] 22 Exhibit A, [Plaintiff's Affidavit of Non-Service on Defendant's registered agent/principle place of business address] – 'after due search, careful inquiry and diligent attempt[s Plaintiff was] unable to serve the Summons in a Civil Action; First Amended Complaint for Patent infringement; Exhibits on Vevor, Inc. c/o: Jin Wang.'" (Doc. # 24.)

Plaintiff now moves for the Court to Compel Clerk's Entry of Default, arguing that it has met Colo. Rev. Stat. § 7-90-704(2)'s requirements for service by certified mail on a corporation. (Doc. # 25 at 10.)

4

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." "Entry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment." *Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014); *see also Garrett v. Seymour*, 217 F. App'x 835, 838 (10th Cir. 2007). "The clerk's function is not perfunctory[;] [b]efore entering a default, the clerk must examine the affidavits filed and find that they meet the requirements of Rule 55(a)." Wright & Miller, Fed. Practice and Procedure § 2682 (4th ed. 2019); *see also Meyers v. Pfizer, Inc.*, 581 F. App'x 708, 710–11 (10th Cir. 2014) (holding that the district court acted within its discretion in denying a motion for default judgment where court clerk declined to enter a default due to defective service).

That Rule 55(a) "gives the clerk authority to enter a default is not a limitation on the power of the court to do so." *Id.* "Although Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of the court," a district court maintains inherent power to exercise discretion in determining whether to enter a default. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (internal citations omitted); *see also* Wright & Miller, *supra*, at § 2682.

## III.  ANALYSIS

Before entry of default, the Court must first determine whether Defendant was properly served. *United States v. Welch*, No. 11-cv-02292-CMA-KLM, 2012 WL

5

4097737, at *1 (D. Colo. Sept. 17, 2012). The complaint identifies Defendant as a corporation. (Doc. # 14 at ¶ 10.) Accordingly, the Court analyzes the adequacy of service in the context of Federal Rule of Civil Procedure 4(h), which establishes the requirements of service of a corporation. *See Welch*, 2012 WL 4097737, at *1. Rule 4(h) provides that service on a corporation is adequate if effected:

> (A) in the manner described by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . .

Fed. R. Civ. P. 4(h). Rule 4(e)(1) further provides that service may be effectuated by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

In this case, Plaintiff relies on Colo. Rev. Stat. § 7-90-704(2) regarding service on entities to demonstrate proper service. The relevant portion of the statute provides:

> If an entity that is required to maintain a registered agent pursuant to this part [] has no registered agent, or if the registered agent is not located under its registered agent name at its registered agent address, or if the registered agent **cannot with reasonable diligence be served**, the entity may be served by registered mail or by certified mail, return receipt requested, addressed to the entity at its principal address. Service is perfected under this subsection . . . [f]ive days after mailing.

Colo. Rev. Stat. § 7-90-704(2)(c) (emphasis added).

Plaintiff argues that it properly served Defendant because: (1) it was unable to serve Defendant's registered agent at the address listed with the Colorado Secretary of State; (2) it made all reasonably diligent efforts to locate and serve Defendant's registered agent at other addresses in Colorado; and (3) as a result, it sent the

Summons and Complaint, via certified mail, to the same address on file with the Colorado Secretary of State. (Doc. # 25 at 11–13.) The Court agrees.

In support of its assertion that the above outlined attempts at locating and personally serving Defendant's registered agent, Jin Wang, satisfy the statute's requirement for "reasonable diligence," Plaintiff cites to *A.O. Smith Corp. v. USA Smith Indus. Dev. Inc.*, No. 16-cv-2587-WJM-MJW, 2017 WL2224539, at *2-3 (D. Colo. May 22, 2017), and *Kilthau v. Low T Med. Clinic, Inc.*, No. 14-cv-03309-MJW, 2015 WL 586262 (D. Colo. Feb. 11, 2015). In *A.O. Smith*, the Court deemed effective service by registered mail to an entity's business address, pursuant to Colo. Rev. Stat. § 7-90-704(2), because personal service on the entity's registered agent was deemed unsuccessful after the plaintiff contacted "the current resident of the . . . home that is supposedly the address of Defendant's registered agent and concluded that the registered agent is not located there." 2017 WL 2224539, at *2. The Court determined that the defendant had no registered agent actually living in the country at the time of service. *Id.*

In *Kilthau*, service was permitted on an entity by mail after personal service on the entity's registered agent could not be completed "at the address of record on Defendant's registered agent filing" and at an alternate address associated with the registered agent. 2015 WL 586262, at *1. After these attempts, the plaintiff then "searched public records and determined that [the registered agent's] most recent known address was in Nashville, Tennessee." *Id.* Based on these varied attempts to locate and serve the entity's registered agent, the Court determined that the plaintiff had

7

"used all due diligence to obtain personal service, that Defendant's registered agent is not located under his name at his assigned address, and that Defendant's registered agent cannot with reasonable diligence be served," thus authorizing service on the entity at its principal address. *Id.*

In this case, Plaintiff identified Defendant's registered agent and the registered agent's address. Plaintiff attempted to personally serve Defendant's registered agent at the registered agent's address, and subsequently attempted service at no fewer than eight additional addresses. (Docs. ## 25-12, 25-13, 25-14, 25-15.) The Court concludes this is sufficient to show reasonable diligence under Colorado law. *Cf. Tague v. Mind Rocket, LLC*, No. 20-cv-00230-REB-KLM, 2020 WL 6710576, at *3 (D. Colo. Nov. 16, 2020) (examining the Colorado statute and case law and finding that an attempt to serve a defendant five times at the registered agent address, without attempting to personally serve the defendant at another address, was insufficient and did not demonstrate diligence in attempting to serve the defendant). Accordingly, the Court finds that Defendant has been properly served by certified mail pursuant to Colo. Rev. Stat. § 7-90-704(2) in this action.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

- Plaintiff Motion Pro, Inc.'s Motion to Compel Clerk's Entry of Default (Doc. # 25) is GRANTED; and

- the Clerk is DIRECTED to enter Default against Defendant Vevor, Inc.

DATED: April 5, 2023

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Senior United States District Judge